# CIRCUIT COURT OF THE CITY OF SALEM

Tracy Jo Witt

    v.

Yi Yan Vivien Shum

### August 10, 2011

### Case No. CL09-416

By JUDGE ROBERT P. DOHERTY, JR.

    Plaintiff and Defendant were in an automobile accident. The injured plaintiff passenger alleges that the defendant driver was at fault. After the accident, Defendant spoke with her liability insurance provider giving several statements that in turn led to the generation of an investigation file by the insurance carrier. Plaintiff served a subpoena *duces tecum* on Defendant's insurance carrier requesting production of its investigative reports and statements. Defendant filed a motion to quash the subpoena *duces tecum*, contending that the documents requested were work product prepared in anticipation and in preparation for litigation, arguing that, as such, they were non-discoverable. Plaintiff claims that the documents were prepared in the ordinary course of business and could not be considered work product until the insurance carrier was notified of a claim and/or legal action by Plaintiff's counsel.

    Plaintiff also claims that she suffered from continued urinary incontinence resulting from the accident. Plaintiff's treating physician has since, but not at the time of treatment, rendered the opinion that Plaintiff's incontinence and the subsequent corrective surgery were not related to the automobile accident. As a result, Defendant filed a motion *in limine* arguing that Plaintiff cannot offer her own opinion testimony regarding the cause of her incontinence contrary to the medical opinion, because only a medical doctor may testify as to a medical diagnosis and cause of injury. Plaintiff argues that the lay testimony inferring a connection between an automobile accident and injury is admissible even with contradictory medical testimony.

*Discoverability of Insurance Documents*

Virginia circuit courts are divided on the issue of the discoverability of the files and investigation reports of insurance companies. Limited guidance exists from the appellate courts. Some circuit courts hold that such reports are routine and discoverable while others believe that they should be protected as work product. This Court agrees with the findings in the cases of *McCullough v. Standard Pressing Machines Co.*, 39 Va. Cir. 191 (Fairfax 1996), and *Smith v. National Railroad Passenger Corp.*, 22 Va. Cir. 348 (Richmond 1991).

In *McCullough*, Judge Arthur B. Vieregg, Jr., wrote an excellent opinion explaining the division among the courts by using an analysis of the type of insurance that is the basis of the decision in each of the cases. He opined that courts which rule that insurance reports and investigation products are discoverable and created in the ordinary course of business are generally dealing with first-party insurance, procured to indemnify an insured against a covered loss the insured has sustained, like flood or fire insurance. *Id.* at 194. Whereas courts that find that such reports are protected work product are dealing with third-party insurance procured to protect against the liability claims of third persons. *Id.*

> Accordingly, when an insured is involved in an insured event occurrence, such as an automobile accident, reasonably giving rise to risk of liability, the liability insurer has an incentive to investigate the circumstances surrounding that occurrence in order to fulfill its obligation to its insured to defend against a third party potential action. . . . [L]iability insurance, unlike first party insurance, essentially constitutes litigation insurance.

*Id.* at 195.

Judge T. J. Markow in the *Smith* case, written before but actually expanding on the opinion of Judge Vieregg, speaks to the reasonably foreseeable test. That test states that, if a person in the shoes of the party resisting discovery should have anticipated or reasonably foreseen litigation at the time the material was produced, then he should enjoy the protection of the work product doctrine. He obviously prepared his documents in anticipation of litigation. *See Smith* at 351. The court went on to say that anticipation of litigation did not mean that the litigation must be immediate nor need there be knowledge that an attorney has been hired or has actually threatened suit. *Id.* at 352. The mere reasonable expectation of litigation is sufficient. This Court finds the reasoning of *McCullough* and *Smith* persuasive. Not only is Defendant's insurance a third-party liability insurance policy, but a reasonable person in the shoes of Defendant would

have anticipated litigation at the time of the original report of accident. Liability insurance carriers are in the business of anticipating and preparing for litigation. Accordingly, the documents prepared and collected by the liability insurance carrier are protected by the work product doctrine and are not discoverable.

### Lay Testimony as to the Cause of Injuries

Defendant also seeks to exclude all testimony and argument by the Plaintiff that her urinary incontinence was caused by the accident. In support of her argument, Defendant cites *Combs v. Norfolk & Western Ry.*, 256 Va. 490 (1998), for the proposition that only a medical doctor may testify as to a medical diagnosis and the cause of an injury. While this proposition is true, and was accurately cited by Defendant, it is inapplicable to the facts before this Court. The *Combs* court found error in allowing a Ph. D. biomechanical engineer with a degree in medical science to offer an expert opinion as to the medical cause of the plaintiff's spinal injury. In the case before this Court, Defendant is not trying to offer expert or lay opinion testimony to contradict a physician. She plans only to offer her own limited testimony concerning the fact that she suffered no incontinence before the accident but became incontinent at the time of the accident and continually thereafter. Her intent is to infer, not opine, that the accident caused her incontinence. She does anticipate making that causation argument to the jury and letting them determine if the facts are sufficient to find a causal connection between the onset of her incontinence symptoms and the automobile accident.

This case more closely resembles the facts in *Sumner v. Smith*, 220 Va. 222 (1979). In *Sumner*, the plaintiff testified that, contrary to hospital records and medical evidence, he was suffering pain resulting from the subject motor vehicle accident. The court found that, despite the fact that medical witnesses failed to establish the causal connection between the injury and the accident, the actual issue only dealt with weight of the evidence and the credibility of witnesses. Those matters were more appropriately left to the jury to resolve. *Id.* at 226.

> While failure or inability to adduce direct medical evidence generally relied upon to establish causal connection between injury and the accident may significantly increase the plaintiff's risk of non-persuasion, such evidence is not a prerequisite to recovery. The testimony of the plaintiff alone, taken with all reasonable inferences which could be drawn from his testimony and from the medical evidence in the case, presented a jury issue as to causal connection.

*Id.*

Similarly, this Plaintiff simply wishes to testify that the onset of her incontinence commenced with the happening of the accident. This inference that the accident caused her incontinence presents a question for the jury. They will decide whether Plaintiff's testimony is persuasive or not.

The motion to quash the subpoena *duces tecum* regarding reports and documents of the insurance company is granted. The motion *in limine* filed to prevent the limited testimony of Plaintiff that her incontinence commenced with the happening of the accident is denied.